## JAMES GILL v. FERRAND PARKER.

*Construction of the act prohibiting traffic in intoxicating liquors.*

The 12th and 13th sections of the act of 1852 "to prevent traffic in intoxicating liquors, etc." (Laws of 1852, pages 23 and 24) as amended by the act of 1853 (Laws of 1853, p. 27, sec. 4, p. 20) are constitutional and valid.

The authority of the case of *Lincoln* v. *Smith*, 27 Vt. 328, on this subject, recognized and affirmed.

The complaint upon which the magistrate is authorized, by the 12th section of the act of 1852,* to issue a warrant of search and seizure of intoxicating liquor, need not be signed by the complainants; but the act of 1855 † requires it to be reduced to writing by the magistrate.

TRESPASS for taking and carrying away eighty gallons of gin and eight kegs. The defendant pleaded in justification that he, with Charles Brown and Benjamin W. Burt, all legal voters in the town of Castleton, on the 15th of January, 1856, made complaint under oath in writing, before William Ward, Esq., a justice of the peace in Castleton, that they had reason to believe and did believe that intoxicating liquor was kept or deposited by some person to them unknown, in the depot house of the Rutland and Whitehall Railroad Company, in that town, intended for sale or distribution contrary to the statute in such cases provided, and praying that a warrant of search might issue in the premises. The plea proceeded to set forth the issuing of a warrant of search by the justice, the discovery and seizure of the liquor in question in the eight kegs, the advertisement thereof, a judgment of forfeiture and condemnation of the liquor by the justice, and his order for its destruction, and the officer's return that such order had been complied with, all in accordance with the requirements of the statute applicable to such cases. The plea also set forth that the defendant assisted the officer in destroying the liquor under such order of the justice.

The plaintiff replied *de injuria*, and the case was tried by the court, at the September Term, 1858,— ALDIS, J., presiding.

To support the plea the defendant offered in evidence a certified copy of a record by William Ward, justice of the peace, com-

* See Laws of 1852, p. 23.

† See Laws of 1855, p. 5, sec. 5.

prising a complaint, warrant, officer's return, judgment of for-
feiture and condemnation of the liquor, the order for its destruc-
tion, and the officer's return thereon, as set forth in the plea.
To the introduction of the record the plaintiff objected, and
offered to show in substance and by parol evidence, that the orig-
inal complaint was not signed, that the three complainants, of
whom the defendant was one, signed their names to the complaint
after the seizure of the liquor and without the consent of the
magistrate; that within two weeks from the seizure and adver-
tising of the liquor, the plaintiff's attorney appeared before the
justice who signed the warrant, and claimed the liquor and a
trial; that by the consent of all parties the trial was postponed,
with the understanding that the justice should fix upon some con-
venient day for the trial, and should give notice thereof to the
plaintiff's attorney; that the plaintiff's attorney was notified that
the trial would be had on the 22d of February, 1856, but that
the defendant, contriving to defeat the plaintiff of his rights,
procured the trial to be held on the 21st of February, and secured
the condemnation and destruction of the liquor on that day; that
the plaintiff's attorney appeared according to notice on the 22d
of February, and found the trial ended and the liquor destroyed.
To the evidence so offered the defendant objected, but the court
decided that it was admissible.

The plaintiff then introduced testimony tending to show that
the facts as claimed by him were true. The defendant offered
evidence to rebut and contradict the evidence so offered by the
plaintiff.

The court admitted the record of the proceedings as to the
seizure, condemnation and destruction of the liquor, and upon
the evidence offered by the parties found the following facts:

1. That the original complaint was presented by the three com-
plainants in person to the justice, and he thereupon issued the
warrant, and the liquor was seized, and that after the seizure of
the liquor and not till then, the complainants signed the complaint.

2. That on the 26th of January, 1856, and within the time limit-
ed by law for the owner to appear before the justice, the plaintiff's
attorney appeared before the justice to show cause why the liq-
uor should not be destroyed; that by consent the hearing on that

point was postponed upon an understanding that the justice should set some day for the hearing and give the plaintiff's attorney notice; that the justice in good faith, fixed upon the 21st of February for the trial, and sent a verbal notice thereof by a third person to the attorney; that by some mistake (and how the mistake occurred did not appear) the plaintiff's attorney understood the notice to be for the 22d of February; that the trial was had on the 21st of February, and the liquor was condemned and destroyed that day, no one appearing for the plaintiff; that on the 22d of February the plaintiff's attorney appeared and claimed a trial, but was informed that he was too late, as the trial had been had and the liquor destroyed on the preceding day.

3. That the defendant was not privy in any way to the appointment by the court of the 21st of February for the trial, or to the mistake by which the plaintiff's attorney was misled, and had nothing to do with the proceedings before the magistrate, except as a complainant, and was not guilty of any fraud, or any attempt to defeat the rights of the plaintiff; and that all the parties connected with the seizure, condemnation and destruction of the liquor, acted in good faith.

4. That the officer, who by the order of the justice was directed to destroy the liquor, in the reasonable exercise and discharge of his duty under the order of the court, employed the defendant to assist him in destroying the liquor, and the defendant did as requested by the officer.

5. That the kegs were returned in a reasonable time and in a safe and proper manner, and without injury to the place from which they were taken, and there left for the owner.

And upon the justice's record and the facts as found, the court held that the warrant from the magistrate to the officer to destroy the liquor, and the employment by him of the defendant to assist him, were a justification of the defendant in doing the acts complained of.

The plaintiff also claimed that the thirteenth section of the act to prevent the traffic in intoxicating liquors, etc., approved November 23, 1852, was unconstitutional and could afford no protection to those who acted under it, and objected to the introduction of the record for that reason. The court overruled the objection and admitted the record, and rendered judgment for the defendant,

Gill *v.* Parker.

The plaintiff excepted to the decision of the court in admitting the record, and to the judgment of the court upon the facts found.

*R. R. Thrall*, for the plaintiff.

1. The complaint of the three voters should be in writing and signed by the complainants; *Graves* v. *Adams*, 8 Vt. 130.

2. If signed by the complainants after the execution of the warrant it is irregular, and renders the proceedings under it void; *Brislin* v. *Barclay et al.*, decided in 1856, and not yet reported; *Graves* v. *Adams*, 8 Vt. 130.

3. The postponement of the trial indefinitely, and not to any day certain, was irregular and amounted to a discontinuance of the suit; *Allen & Taylor* v. *Edwards*, 3 Hill 499.

An adjournment improperly made is a discontinuance of the suit; 2 Johnson 192; 4 Johnson 117; 8 Johnson 391; 13 Johnson 469; 5 Johnson 353; 10 Wendell 497; *Paddleford* v. *Bancroft*, 22 Vt. 529.

4. The 13th section of the act to prevent the traffic in intoxicating liquors, etc., approved November 23, 1852, is unconstitutional and void for the following reasons, viz:

1st, The act provides that the liquor shall be advertised, but does not designate who shall perform that duty; 2d, it shall be advertised in *some public place*, but does not designate in what State, county or town; 3d, the advertisement is to designate the number and description of the casks or packages; and a written notice of the proceedings.

It makes no provision for a trial. It provides no time or place for the owner to appear and meet the witnesses face to face; no due process of law; no certain remedy by having recourse to law; no opportunity to be heard by himself and his counsel to demand the cause and nature of his accusation, to be confronted with the witnesses, and have a speedy public trial. It affords no protection to life, liberty and property, guaranteed by the constitution. It deprives a man of the enjoyment of his property, in violation of the 1st, 4th, 9th, 10th, 11th and 18th articles of the bill of rights and the constitution of this State.

*Edgerton & Hodges*, for the defendant.

As to the constitutionality of the 12th and 13th sections of the

law of 1852, pages 23 and 24, the argument for the defence is found in 27 Vt. 328, *Lincoln* v. *Smith; id.* 194, *State* v. *Prescott.*

The proceedings under the seizure were had upon *actual* notice to the plaintiff as well upon the constructive notice required by the 13th section of the statute.

The omission of the complainants' signatures to their complaint, at the time of the seizure, was not fatal to the proceedings. Neither the act in question nor the constitution requires, in terms, that the complaint should be signed or written; Comp. Stat. p. 32, art. 11 of Bill of Rights; sec. 12 of act of 1852 p. 23.

The *form* given in the act of 1855, sec. 5 p. 5, does not seem to require the signatures of the complainants, as other forms do require when a signature is necessary; Comp. Stat. from page 606 to 626.

Had the legislature intended to require a *written* complaint, with the signatures of the complainants, it would have been so expressed, as it is expressed in the same 12th section, in relation to the justice's order for the destruction of the liquor, and also in sec. 72, p. 122 of Comp. Stat., in relation to the complaint of a town grand juror.

POLAND, J.   I. The questions raised by the defendant as to the constitutionality of the law of 1852, under which these proceedings were had, we regard as fully settled by the decision of this court in the case of *Lincoln* v. *Smith*, 27 Vt. 328.

We are sufficiently well satisfied with the reasons upon which that decision was made, to feel no disposition to again open that subject for discussion, however we might view it if the question were new, and now before the court for the first time.   The public mind in this State was much agitated with these questions before that decision was made, but it has been settled by it; the decision has been fully acquiesced in, and the law been executed accordingly; and a contrary decision would open a door to interminable litigation and mischief.

II. The principal objection made to the regularity of the proceedings in this case, under which the liquors sued for were seized

and destroyed is, that the complaint to the justice was not in fact signed by the persons making it, until after the seizure had been in fact made by the officer.

We think it may very well be doubted, when the justice's record shows a complaint signed, whether it is open to be proved by parol evidence, that it was not in fact signed at its date, as it appears to be, upon the common principle that a record can not be contradicted, but we do not choose to place the decision on that ground.

The act of 1852 did not in terms require the complaint to be in writing, nor that it should be signed by the persons making it, nor are either of these things required in terms by the act of 1855, in amendment of the act of 1852.

But the act of 1855 gives a form of complaint to be used in such cases, which we think is equivalent to requiring that the complaint shall be reduced to writing by the justice to whom it is made.   But there is nothing in the form given which indicates that it must be signed by the complainants, and the form given, in our judgment, intended to exclude any such requirement.

In the first place, the names and residences of the complainants are to be set forth in the complaint, and there is no blank left, or any indication that it is to be signed.

The form of the certificate which is to be added to the complaint by the justice, seems from its form and language to be intended to take the place, and answer the purpose of signatures, as a verification of the fact of the existence of the persons who made the complaint, by requiring the names of the complainants to be inserted in the certificate, and that they exhibited the complaint and made oath to its truth.

The argument as to the intention of the legislature, derives additional force from the fact that all the other forms given by the act of 1855, require a signature, or have one added to the form, showing that one is required.

Such we believe to be generally if not universally true of all our statutes giving forms of proceeding in any case, that where a signing is required the forms given show it.

III. Nor was the plaintiff's failure to appear before the justice, and have a hearing as to whether this liquor was really liable to

be destroyed, under the circumstances such an irregularity as to render the proceedings irregular and void.

The ownership of the liquors when seized was unknown, and they were proceeded against under the provisions of the statute applicable to such a state of facts.

The only notice that the statute requires in such case is, that a notice shall be set up in some public place for two weeks, giving notice of the seizure and describing the liquors; and the owner is allowed to appear and assert his title, and make his showing to the justice within that time. The proper notice by publication was given, and within the time the plaintiff appeared and asserted his claim.

For some reason the plaintiff did not proceed with his showing, but made an arrangement that he should have a hearing at some future day, and that the justice should fix a day, and give the plaintiff's counsel notice of it. The justice fixed a day and gave notice, and the plaintiff did not appear. It does not seem to have been shown but that the justice did all that he was to do by the arrangement, as to giving notice, but how or why the plaintiff's counsel failed to appear, the exceptions say did not appear. It is as reasonable to suppose the fault was that of the plaintiff's counsel, as that of the justice.

At any rate the arrangement made by the plaintiff's counsel for notice seems to have been honestly carried out, and if it failed to be as beneficial to the plaintiff as he expected, we think he can not now complain. He had all the notice the statute requires, and if he did not get such as he was to have by contract, he should show that somebody beside himself was in fault about it.

But clearly this could not affect the officer who afterwards destroyed the liquor under a regular warrant, nor the defendant, who acted as his assistant, and who had nothing to do with any of the proceedings before the justice, after making his complaint.

The judgment below appears to have been fully justified upon the proof before the court, and is affirmed.