James A. Burdick *v.* G. Rhodes and J. S. Lemon, Executors, &c.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1871.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

JAMES A. BURDICK *vs.* GODFREY RHODES AND JAMES S. LEMON, EXECUTORS, &c.

THE Act is CONSTITUTIONAL which prohibits suits to recover the price of liquor sold at retail, even by a LICENSED VENDOR, and such claims are not a legal set-off.

Jury waived, and case heard by the full Court.

W. C. Jones, for the plaintiff.

R. H. Stanley, for the defendants.

OPINION OF THE COURT, BY CHIEF JUSTICE ALLEN.

This is an action of assumpsit for goods delivered and services rendered, and the rent of the Bartlett Hotel, in this city, to which there has been filed an account in set-off.

The parties have entered into the following stipulation :

"That the account of the plaintiff is admitted as proven, after deducting therefrom the sum of $281, leaving a balance due on said account of $436.17, exclusive of interest.

"That the amount of spirituous liquors sold to plaintiff at retail, as specified in the plea of set-off, in order to bring the legal point before the Court, is admitted as proven, the plaintiff claiming that it is illegal, and not recoverable under the Act of 1864 ; the question submitted to the Court being the legality of the set-off under said Act, and the defendants' right to recover.

Honolulu, January 12th, 1871."

James A. Burdick *v.* G. Rhodes and J. S. Lemon, Executors, &c.

The plaintiff contends that the set-off is not legal, and cites the Statute of 1864, which is as follows :

"That no suit brought for the recovery of any debt contracted after the promulgation of this Act, for spirituous liquors sold, or furnished to any person by any licensed retail dealer in such liquors, shall be maintained in any court of this Kingdom."

The counsel for the defendants contends that this enactment is unconstitutional, and that the statute law of this Kingdom, on every principle of justice, right, and reason, can not deprive the licensee of the power of collecting what he honestly sells by virtue of the power given him for the consideration of $1,000.

The account commenced on the 28th day of March, 1868, and ended June 1st, 1869, and of course the sale was made under an annual license during that period. When the license was taken, the provision of law had been in force for some years. The licensee knew perfectly well that he could not recover for liquor sold on credit, and in this case it is in evidence by the defence that the plaintiff told the witness (who was the bar-keeper,) that he should not pay the account. The licensee had fair warning by the law and by the party himself, and yet he continued to sell the plaintiff in most ruinous quantities.

When the license was given this law was a condition, and hence it becomes virtually a part of the contract, &c., and of course there can not exist any ground for charge of injustice.

The counsel further contend that it is in restraint of trade, and therefore unconstitutional and void.

This law is in the nature of a police regulation for the prevention of drunkenness, and this principle of legislation is sustained by numerous authorities. License Cases, 5 How, 504 ; Cooley's Constitutional Limitations, 583 ; Wynehamer *vs.* People, 13 N. Y., 378 ; Gill *vs.* Parker, 31 Vt., 610 ; People *vs.* Hanley, 3 Mich., 330.

James A. Burdick *v.* G. Rhodes and J. S. Lemon, Executors, &c.

It is a wise provision of law, as it is a constant reminder of the cost of intemperate habits. The bill claimed as a set-off is the best evidence that every precautionary measure should be taken to shield the poor victims of intemperance.

It may be well to give an example of this account. It continued for a few days over thirteen months, and the amount of the bill for liquors was $1,076.50, most of which was contracted in ten months. The account for the month of May is a fair average of the whole period.

| | |
|---|---|
| May 1—8 fids; 3d, 5 fids and ½ rum........................ | $ 4 75 |
| 5—19 fids and ½ brandy ; 6th, 13 fids............... | 9 25 |
| 7—6 fids and ½ brandy; 8th, 11 fids and 1 brandy | 8 00 |
| 10—1 brandy; 11th, 7 fids and ½ brandy.............. | 5 50 |
| 12—16 fids and ½ brandy; 13th, 8 fids and ¼ brandy | 9 75 |
| 14—16 fids and ½ brandy; 15th, 8 fids and ½ brandy | 8 50 |
| 17—9 fids and ½ brandy; 18th, 15 fids and 1 brandy | 9 75 |
| 19—21 fids and ½ brandy; 20th, 27 fids............... | 13 25 |
| 21—20 fids and ½ brandy; 23d, 18 fids and ½ brandy | 12 00 |
| 24—16 fids and 1 brandy; 25th, 12 fids and ½ brandy | 10 75 |
| 26—12 fids and ½ brandy; 27th, 12 fids and ½ brandy | 8 50 |
| 28—16 fids and ½ brandy; 29th, 12 fids and 1 brandy | 10 75 |
| 31—Due Wm. Wond on water tank ................... | 10 00 |
| | $120 25 |

This provision is undoubtedly within the spirit of the laws which have been recognized as valid in States where the constitutional provisions and statutes bearing on this question are analogous to our own.

All Courts agree that construction of the Constitution, by the Legislature, as given in their Acts, ought to have great weight, and not to be overruled unless manifestly erroneous.

In the case of Soper *vs.* Harvard College, the Court says that the statute prohibiting innholders and others from giving credit to the undergraduates of either of the colleges in Mas-

sachusetts is constitutional.    This statute inflicts a penalty for giving credit to this class of persons.

The promise of an infant is void except for necessaries, yet people will often give credit to them, and as the Court say, "minister to their pleasures and dissipation, relying upon the honor of ingenuous young men to discharge debts so incurred, that the wholesome intention of the common law is evaded, and youth are exposed to temptations which it is difficult for them to resist."    The debt is not only void, but a penalty is incurred.

In the case of the Commonwealth *vs.* Clapp, 5 Gray, 98, the Court say that a statute which provides for the punishment of unlawful sales of intoxicating liquors by fine and imprisonment, does not conflict with the Constitution of the United States, nor with the First and Tenth Articles of the Declaration of Rights, nor as being unreasonable, nor as imposing excessive fines, or inflicting cruel and unusual punishments, contrary to the Twenty-sixth Article of the Declaration of Rights.    Commonwealth *vs.* Hutchins, 5 Gray, 482.    So far as the provisions of the Constitution of this Kingdom are concerned, the same principle of construction would apply. This Court has made a similar decison in the statute prohibiting the sale of liquor to Hawaiians.

It has been truly said by an eminent American statesman, "That it is a question not yet satisfactorily settled, how far and in what way the law of the land can be applied to remedy the tremendous evils arising from intemperance." And this is one of the wise provisions which protects a man when he has lost his self-control, and indulges to an excess even to drunkenness.    It is a grave offense in morals to sell to one in this condition; still it is done, and all the protection that can be thrown around the unfortunate slave of this appetite, it is the duty of the Legislature to do.    Society has great faults which are visited on these unfortunate victims.

The laws of this Kingdom are as liberal on the subject of

the license to sell intoxicating liquors as they can be made, consistently with the safety of the community. In many countries the sale is prohibited, or under very severe restrictions. In the case of Walan *vs.* Kirby, 99 Mass., the Court sustain the provision of law to recover back money paid on settlement of mutual accounts. The syllabus of the case is as follows:

" If a purchaser of intoxicating liquors, sold in violation of law, in settling mutual accounts with the seller, credit him with the price thereof, and receiving from him payment of the balance found due after such an allowance, giving him a receipt in full settlement of the account, such payment and receipt do not have the effect of an accord and satisfaction to bar an action to recover the amount so credited."

The counsel has not made the usually received legal distinction between a law which regulates the sale of intoxicating liquors and that which prohibits it. No serious question of Constitutional Law has been made in regard to the former.

The counsel further contend that it is a case of mutual credit. The claim of the plaintiff was for rent payable monthly, and that of the defendants for liquors sold, as heretofore described.

The one is a legal claim, and recoverable at law, and the other an illegal claim, and upon which a suit can not be entertained.

It appears by the evidence that there had been no settlement or mutual discharge; no accord and satisfaction. The illegality of the transaction was wholly on the part of the testator.

The Court can not regard an illegal claim as a legitimate subject of set-off. Mr. Justice Story says that "the Statute of set-off contemplates only such mutual debts and demands as are due in the same right."

There is no reason why a claim should have more right by way of set-off, than in a suit brought to recover it.

We therefore give judgment for the plaintiff, in the sum of $487.85, with costs, which includes interest from October 14th, 1869.